BULL, &c.
vs.
HARRIS, &c.
GOWDY, &c.
vs.
SAME.
NEWLAND, &c.
vs.
SAME.
SAME
vs.
MONTGOMERY,&C

---

Bull, &c. *vs.* Harris, &c.

Gowdy, &c. *vs.* Same.

Newland, &c., *vs.* Same.

Same *vs.* Montgomery, &c.

Case 28.

PET. EQ.

APPEAL FROM HANCOCK CIRCUIT.

1. One of two partners cannot, in opposition to the will of another, make a deed of trust or mortgage preferring creditors, when that opposition is made known to the preferred creditors or their agent.
2. A beneficiary in such deed or mortgage cannot rely upon the ground that such deed or mortgage was fraudulent, whereon to ground an attachment. It was but a mortgage to secure creditors, and therefore not fraudulent *per se.*

On the 18th July, 1854, C. L. Harris, one of the firm of C. L. Harris & Co., William Stapp being the other member of the firm, against the consent of Stapp, made an assignment of the partnership property to O. F. Stirman, which amounted nominally to about $10,000 in value, to secure the payment of about $4,000 due from the firm of C. L. Harris & Co. to Newland, Hughes & Co., and other beneficiaries named in the deed. The deed also embraced a lot in Lewisport, the individual property of Stapp— Stapp refused to sign the deed, and objected to Harris' making it. On the same day Stapp executed to Levi Smith and George Smith a deed of mortgage also, embracing the merchandize of C. L. Harris & Co., and the same conveyed by Harris to Stirman. The appellants immediately, on the same day, sued out attachments, and caused them to be levied on the goods of C. L. Harris & Co., which were subsequently sold under the attachments by order of court.

CASE STATED.

Bull, &c.
vs.
Harris, &c.
Gowdy, &c.
vs.
Same.
Newland, &c.
vs.
Same.
Same
vs.
Montgomery,&c

On the 15th October, 1854, the two partners, Harris and Stapp, united in a deed of assignment, transferring all their merchandize, notes, and accounts to W. P. D. Bush, in trust for the benefit of all the creditors of the firm, reciting their previous mortgages, and providing that the last conveyance should be effectual if the previous transfers should be held invalid. Stapp denied any right in the beneficiaries under the deed made by Harris, and the appellees, the beneficiaries under that deed, deny the right of the Smiths to hold under the mortgage made by Stapp. The circuit court set aside both the deed made by Harris and the mortgage made by Stapp, and directed a *pro rata* distribution of the proceeds of the property sold amongst the creditors of the firm, and the plaintiffs below have appealed.

*Stirman,* for appellants, Newland, Hughes & Co.—

Argued, that the circuit court erred in quashing the attachments, and ordering a *pro rata* distribution of the proceeds of the partnership effects.

*Riley & Muir,* for appellees, Montgomery, &c.—

The judgment of the circuit court is right in discharging the attachment of Newland, Hughes & Co.—

1 Because one partner cannot convey the effects of the partnership to such creditors as he may prefer, against the consent of his partner.

2. This is especially true when the other partner objects to such transfer, and that fact is made known to the beneficiary.

3. There was no ground for the attachment by Newland Hughes & Co., as they were privy to the transfer, and if it was fraudulent they participated in the fraud, and cannot assail the act as fraudulent, and their attachment created no lien.

The mortgage made by Stapp was also void; it was also an attempt of one partner to secure a preference to creditors, contrary to the wish of the other

partner; and of Harris' dissent to such transfer the mortgagees of Stapp were apprised. These transfers of the separate partners were however fraudulent as to Montgomery and Dozier, and other creditors, and the court should have given them the preference in the payment of their debts.

*W. P. D. Bush*, for appellees—

1. The mortgages made by Harris and Stapp, separately, to different preferred creditors, were both made to hinder, delay, and defraud the creditors not provided for, and therefore void.

2. The court below did not err in deciding them to be fraudulent and void, except so far as they decided the conveyance of Stapp to be ineffectual to give a lien on his individual property to the mortgagees.

3. The court below erred in dismissing the attachtachments sued out by the creditors, who were not beneficiaries in the separate conveyances made by Harris and Smith, because the grounds on which they were sued out are well sustained by the proof in the cause.

4. The circuit court erred in not ascertaining, and in its judgment designating, the order in which the subsequent attaching creditors were entitled to priority, and upon these points a reversal is asked.

*G. W. Williams*, for Stapp and Smith, appellees—

The conveyance made by Harris was invalid, and the circuit court was correct in so deciding.

1. It is not in the power of one partner to convey the partnership property to preferred creditors, without the consent of other partners, and more especially in opposition to the wish of the other partners.

2. If such a conveyance be fraudulent the creditor who has accepted such transfers by himself or agent, cannot assail it for fraud, having been privy to and participating in the act of making it. The judgment of the circuit court is right. The court is referred to

BULL, &c.
*vs,*
HARRIS, &c.
GOWDY, &c.
*vs.*
SAME.
NEWLAND, &c.
*vs,*
SAME.
SAME
*vs,*
MONTGOMERY,&c

BULL, &c.
*vs.*
HARRIS, &c.
GOWDY, &c.
*vs.*
SAME.
NEWLAND, &c.
*vs.*
SAME.
SAME
*vs.*
MONTGOMERY,&c

June 26, 1857

the following authorities as bearing on the questions involved: *Southard vs. Steele,* 3 *Monroe,* 436; *Mc-Cart vs. Lewis,* 2 *B. Monroe,* 267; *Story on Part.* 188; *Collier on Part.* 395, *note* 3, § 101; *Anderson vs. Tompkins,* 1 *Brockenbrough's C. C. R.* 462.

Judge STITES delivered the opinion of the court.

These cases arise upon the same record, and present the same questions, viz: 1. The validity of the mortgage executed by C. L. Harris to Newland and others; and, 2. The propriety of the order of the circuit court in vacating the attachments of appellants.

1. It is not controverted that Harris and Stapp were partners at the date and execution of the mortgage in question, nor that the effects attempted to be mortgaged, except the realty, belonged to the firm. Nor can it be questioned that Stapp, upon the first application of Stirman, and up to the drafting of the mortgage signed by Harris, assented to the arrangement proposed by Stirman. After, however, Morris, the agent of Merrit, Field & Co., assented to let their debt go in the mortgage, and before its execution by Harris, it seems that Stapp, from some cause or influence, changed his mind, and concluded not to mortgage, and before Harris signed made known to him his unwillingness to convey. That he was unwilling to convey, and requested Harris not to execute the mortgage is proved by the latter; who also states, "that he has no doubt that he told ' Mr. Stirman that Dr. Stapp had requested him not ' to sign the mortgage until his (Stapp's) return from ' the country." And that Stirman was apprised of Stapp's opposition to the execution of the conveyance at that time, may be reasonably assumed, not only from Harris' testimony, but likewise from the failure of Stirman to disclaim such notice.

Upon this state of fact the question arises, wheth-one partner, in opposition to another's will, made known to him and the agent of a creditor, can not-

withstanding such opposition and notice, effectually convey, transfer, or assign, by general assignment, to such creditor, the goods and effects of the firm, to secure the payment of his debt?

It is true, as a general proposition, that each partner, in virtue of his relation as partner, possesses an equal and general power and authority in behalf of the firm, to transfer, pledge, or dispose of the partnership effects and property for any and all purposes within the scope of the partnership, and in course of its trade and business; and any restriction imposed by agreement between the partners upon such power, is only operative between the partners themselves, and does not affect third persons acquiring rights by its exercise, unless they have notice of such restriction.

This power extends to assignments of the firm property, as security for antecedent debts, as well as for liabilities thereafter to be incurred by the firm; nor does it matter whether it be made for one, or several, or all, of the firm creditors. (*Story on Partnership*, 162.)

But it has been seriously doubted whether this general power extends to general assignments of all the property of the firm by one partner for the benefit of creditors, for the reason that such transfer would seem to terminate and dissolve the partnership. (*Ibid*, 163.)

However this may be, and it is not now necessary to say, it seems to have been well settled upon principle and authority, that one partner cannot, against the opposition of another, make a general assignment of the effects and property of the firm for the benefit of a portion of the firm creditors, when the beneficiaries of such assignment, or their agent procuring it, has *notice* of such opposition prior to its execution. (*Egberts vs. Wood*, 3rd *Paige*, 517; *Hitchcock vs. St. John*, 1st *Hoffman*, 511.)

In the former case the chancellor, Walworth, says: "Upon the most deliberate examination of the ques-

---

Bull, &c.
*vs.*
Harris, &c.
Gowdy, &c.
*vs*
Same.
Newland, &c.
*vs.*
Same.
Same
*vs.*
Montgomery,&c

---

1. One of two partners cannot, in opposition to the will of another, make a deed of trust or mortgage preferring creditors, when that opposition. is made known to the preferred. creditors or their agent.

Bull, &c.
vs.
Harris, &c.
Gowdy, &c.
vs.
Same.
Newland, &c.
Same.
Same
vs.
Montgomery, &c

' tion I am satisfied that the decision of the vice ' chancellor is correct; that such an assignment is ' both illegal and inequitable, and cannot be sustain- ' ed."   *   *   *   "It is no part of the ordi- ' nary business of a co-partnership to appoint a trus- ' tee of all the partnership effects, for the purpose of ' selling and distributing the proceeds among the ' creditors in unequal proportions; and no such au- ' thority can be implied."

The same doctrine is ably maintained by the vice chancellor in the latter case, and we perceive no reason for questioning its correctness.

It follows, therefore, that inasmuch as the agent of the mortgagees had notice of Stapp's opposition to the execution of the mortgage by his partner, and the effort was to prefer the debts mentioned, to oth- er firm liabilities, the principle already stated applies to the mortgage in question, and fully sustains the judgment of the circuit court in vacating it, so far as it purported to convey partnership property.

The previous behavior of Stapp did not deprive him of the right to withhold his assent, and oppose the execution of the mortgage, provided such oppo- sition was made known to his partner and the agent of the mortgagees before its execution.

2. It is insisted, however, that notwithstanding the mortgage may be invalid, the conduct of Stapp and Harris was such as to uphold the attachments of Bull & Alrich, sued out on the 18th July, and those of the mortgagees of the 24th of the same month, and that the circuit court erred in vacating the attachments, and refusing to give priority to appellants claims, as prior attaching creditors.

The appellants, except Bull & Alrich, were par-
2. A beneficiary in such deed or mortgage cannot rely upon the ground that such deed or mort- gage was fraud- ulent, whereon to ground an at-
ties, through their agent, to the mortgage executed by Harris, and they cannot complain of that as a fraudulent act; and the utmost that can he said, ei- ther of that mortgage or of the other executed to to Smith on the same day, is that they were efforts to secure creditors.   It does not appear that the indi-

vidual debts of Stapp, secured or attempted to be secured by the Smith mortgage, exceeded the value of his interest in the realty mentioned therein, nor is it otherwise shown that he attempted, or was attempting, to appropriate firm assets to his individual uses, to the prejudice of the firm creditors.

McCall's Adm.
vs.
Patterson, &c.

tachment.    It was bu t a mortgage to secure creditors, and therefor e  n o t fraudulent  *per se.*

His sudden change of determination in regard to the execution of the mortgage made by Harris, and his duplicity towards Stirman, are reprehensible, but, considering they resulted only in an effort to secure other creditors to whom the firm was indebted, do not furnish sufficient grounds for the attachments that were vacated.   A conveyance to one creditor, in preference of another, is not, *per se,* proof of fraud in the debtor.

We perceive no error in the orders of the court complained of, and the judgments are therefore *affirmed.*